320 So.2d 485 (1975)
Lafayette HART, Jr., Appellant,
v.
BANKERS FIRE AND CASUALTY INSURANCE COMPANY, Appellee.
No. 74-218.
District Court of Appeal of Florida, Fourth District.
January 31, 1975.
On Rehearing March 27, 1975.
*486 E. Hugh Chappell, Jr., Fort Lauderdale, for appellant.
James A. Smith, Wicker, Smith, Pyszka, Bloomqvist & Davant, Miami, for appellee.
PER CURIAM.
Upon review of the record and consideration of the briefs and oral argument we are of the opinion that the trial court erred in granting defendant's motion for a directed verdict and entering a final judgment thereon.[1] In particular, the evidence at that stage of the proceeding did not reflect compliance with Section 627.728(5), F.S., regarding proof of mailing of notice of cancellation of insurance policies. Accordingly, the final judgment is reversed and the cause remanded to the trial court for a new trial.[2]
Reversed and remanded.
OWEN, C.J., and CROSS and MAGER, JJ., concur.

ON PETITION FOR REHEARING
PER CURIAM.
A timely petition for rehearing has been filed by the defendant-appellee requesting a rehearing and reconsideration of this court's order awarding attorney's fees to the appellant-plaintiff (the prevailing party *487 in this appeal) for services in the appellate court.
This court's separate order awarding attorney's fees, dated January 31, 1975, was entered pursuant to Rule 3.16, subd. e, F.A.R., which provides for the award (and assessment) "where attorney's fees are allowable by law for services in the appellate court".
Our reading of Section 627.428, F.S., which provides for the award of attorney's fees in suits between an insurer and an insured presupposes the entry of a judgment against the insurer in which recovery is had by the insured.[1]
In the instant case (involving the issue of coverage) this court reversed a final judgment entered pursuant to a motion for a directed verdict in favor of the insurer and remanded the cause for a new trial for the insured. Therefore, there having been no judgment rendered by which insured has recovered against the insurer, the rationale expressed by our sister court in Dawson v. Blue Cross Association, Fla. App. 1974, 293 So.2d 90, prevails, namely, that the award of attorney's fees for service in the appellate court is conditioned upon a judgment rendered against the insurer allowing recovery in favor of the insured. Our order of January 31, 1975, which did not assess attorney's fees but merely granted them subject to assessment by the trial court, is modified to the extent that such award is conditioned upon the insured ultimately prevailing.
Accordingly, the petition for rehearing is granted and our order of January 31, 1975, is vacated and a modified order is herein entered as follows:
The appellant's motion for attorney's fees is hereby granted for services rendered incident to this appeal, such award being conditioned upon the appellant prevailing below on the issue of coverage, in accordance with those guidelines set forth in Dawson v. Blue Cross, supra. In the event that the appellant prevails below the amount of the award shall be assessed by the trial court upon due notice and subject to review by this court under F.A.R. 3.16, subd. e.
OWEN, C.J., and CROSS and MAGER, JJ., concur.
NOTES
[1] It is to be noted that the entry of the directed verdict at the close of the plaintiff's case based upon the then existing facts and circumstances before the trial court was contrary to the principles enunciated in Tillman v. Baskin, Fla. 1972, 260 So.2d 509; Simon v. Pope, Fla.App. 1973, 279 So.2d 54; cf. Rule 6.16, F.A.R. Following the presentation of a prima facie case by plaintiff the trial judge should not have undertaken to weigh the evidence before the end of all the testimony.
[2] In passing we would observe that contrary to the finding made by the trial court, there exists a serious question with respect to whether the defendant insurance company waived its claim of cancellation by acceptance of what appears to have been the balance of an increased down payment towards the total premium; hopefully, this issue as well as the issue regarding proof of mailing will be fully developed during the course of the new trial. See 18 Fla.Jur., Insurance, sec. 661.
[1] "627.428 Attorney fee

(1) Upon the rendition of a judgment or decree by any of the courts of this state against an insurer and in favor of an insured or the named beneficiary under a policy or contract executed by the insurer, the trial court, or, in the event of an appeal in which the insured or beneficiary prevails, the appellate court, shall adjudge or decree against the insurer and in favor of the insured or beneficiary a reasonable sum as fees or compensation for the insured's or beneficiary's attorney prosecuting the suit in which the recovery is had.