373 So.2d 94 (1979)
Stuart A. McDONALD, Jr., Appellant,
v.
SOUTHEASTERN FIDELITY INSURANCE COMPANY, Appellee.
No. 78-1746.
District Court of Appeal of Florida, Second District.
July 25, 1979.
David A. Maney and S. Robert Mandelbaum of Gordon & Maney, Tampa, for appellant.
W.M. Carson and Gary W. Nicholson of Carson & Guemmer, Tampa, for appellee.
SCHEB, Acting Chief Judge.
The trial court upheld the validity of a clause in an automobile liability policy excluding *95 uninsured motorist benefits for injuries to an insured while operating a vehicle not listed in the policy. We reverse.
Appellant, Stuart A. McDonald, Jr. (McDonald), was the named insured under an automobile liability policy issued by appellee, Southeastern Fidelity Insurance Company (Southeastern). McDonald's Volkswagen was the only vehicle listed as insured in his policy although McDonald also owned a motorcycle. The policy provided uninsured motorist protection which included specific coverage for bodily injury caused by a "hit-and-run automobile." The policy, however, expressly excluded coverage for "bodily injury to an insured while occupying an automobile (other than an insured automobile) owned by the named insured... ."
On May 7, 1976, while riding his motorcycle, McDonald was struck and injured by a hit-and-run automobile. McDonald claimed under the uninsured motorist provisions of his policy. Southeastern denied coverage, whereupon McDonald filed a demand for arbitration. Southeastern responded by petitioning the circuit court for declaratory relief to the effect that McDonald's claim was excluded from coverage because, when injured, he was "occupying an automobile (other than an insured automobile) owned by [him]." The court entered summary judgment in favor of Southeastern stating that "the motor vehicle which (McDonald) was operating at the time of the accident was not listed on said policy as an insured vehicle... ." This appeal by McDonald ensued.
Section 627.727(1), Florida Statutes (1975) (amended 1976) provides:

No automobile liability insurance covering liability arising out of the ownership, maintenance, or use of any motor vehicle shall be delivered or issued for delivery in this state with respect to any motor vehicle registered or principally garaged in this state unless coverage is provided therein or supplemental thereto in not less than the limits of the liability insurance purchased by the named insured for bodily injury, [or such lower limits complying with the company's rating plan as may be selected by the named insured,] under provisions filed with and approved by the department, for the protection of persons insured thereunder who are legally entitled to recover damages from owners or operators of uninsured motor vehicles because of bodily injury, sickness or disease, including death, resulting therefrom... .
(Emphasis added.)
In Mullis v. State Farm Mutual Automobile Insurance Co., 252 So.2d 229 (Fla. 1971), the supreme court held that an automobile insurer cannot insert exclusionary provisions in a policy which reduce the scope of coverage required by the statute with respect to "persons insured thereunder." See also Lee v. State Farm Mutual Automobile Insurance Co., 339 So.2d 670 (Fla. 2d DCA 1976). Accordingly, the exclusionary clause upon which Southeastern relied is impermissible and has no effect on McDonald's claim for uninsured motorist coverage. Consequently, the trial judge erred in upholding the validity of the exclusionary clause.
We vacate the summary judgment and remand for further proceedings consistent with this opinion. We grant appellant's request for attorney's fees on appeal; conditioned, however, on appellant's ultimate recovery in the trial court. § 627.428, Fla. Stat. (1977); Dixie Farms, Inc. v. Hertz Corp., 343 So.2d 633 (Fla. 3d DCA 1977); Hart v. Bankers Fire and Casualty Co., 320 So.2d 485 (Fla. 4th DCA 1975); Dawson v. Blue Cross Association, 293 So.2d 90 (Fla. 1st DCA 1974). Should appellant recover a judgment, then the trial judge shall, on appropriate notice, assess reasonable attorney's fees for services rendered on this appeal.
OTT and RYDER, JJ., concur.