JORGENSON, Judge.
Ruiz, the defendant below in a declaratory action involving uninsured motor vehicle limits, appeals a judgment in favor of Prudential. For the reasons which follow, we reverse and remand with directions to enter judgment in favor of Ruiz.
Ruiz was insured under her father’s Prudential automobile liability policy. The policy, which had been renewed annually for four years, indicated bodily injury limits of $10,000/$20,000. The policy also indicated a selection of uninsured motor vehicle limits of $10,000/$20,000. On June 19, 1982, Ruiz was injured in an automobile accident. After exhausting the $10,000 bodily injury limit of her father’s policy and the $10,000 bodily injury limit of the at-fault driver’s policy, Ruiz sought $100,000 in uninsured motor vehicle coverage from Prudential. Prudential, in turn, sought, successfully, a declaratory judgment that Ruiz was entitled only to the $10,000 uninsured motor vehicle limit indicated on the policy.
In 1980 our legislature amended section 627.727, Florida Statutes (1979), by, inter alia, adding the following language: •
Each insurer shall at least annually notify the named insured of his options as to coverage required by this section. Such notice shall be part of the notice of premium, shall provide for a means to allow the insured to request such coverage and shall be given in a manner approved by the Department of Insurance.
Act of July 9, 1980, ch. 80-396, 1980 Fla. Laws 1587, 1588 (codified at § 627.727(1), Fla.Stat. (1981)). Prudential failed to comply with the clear legislative mandate of this language. We, therefore, hold that Ruiz was protected by uninsured motor vehicle limits of $100,000/$300,000.
Reversed and remanded with directions to enter judgment in favor of the defendant.