504 So.2d 1382 (1987)
NORTHERN INSURANCE COMPANY OF NEW YORK, Appellant,
v.
Lottie M. HIERS and Thomas N. Hiers, Appellees.
No. 86-919.
District Court of Appeal of Florida, Fifth District.
April 9, 1987.
*1383 Lora A. Dunlap of Fisher, Rushmer, Werrenrath, Keiner, Wack & Dickson, P.A., Orlando, for appellant.
Robert A. Wohn, Jr., of Wohn & McKinley, P.A., Cocoa, for appellees.
COBB, Judge.
The appellant, Northern Insurance Company of New York (Northern), appeals a final judgment entered below in favor of Lottie M. Hiers and Thomas N. Hiers, which found that Northern's uninsured motorist obligation and coverage to the Hierses was the same as the bodily injury coverage under their automobile policy.
The Hierses sought arbitration against Northern based on the latter's refusal to provide more than $10,000 coverage after Lottie Hiers, while driving the insured vehicle (a Ford flatbed truck), was injured by an uninsured/underinsured motor vehicle. Northern counterclaimed for declaratory relief.
At trial Thomas Hiers and the agent from whom he originally purchased the policy in 1982, one Rene Davis, each testified, in essence, that he could not specifically recall the details of the conversation relating to that purchase. Davis did testify, however, that his normal procedure in selling automobile insurance was to inform the insured that uninsured motorist coverage was available up to the liability limits and was recommended. The liability limit of that policy was $50,000. Hiers did not sign a written rejection of uninsured motorist options, but the policy, by its terms, provided only $10,000 u/m coverage.
Hiers testified that in 1983 he received a copy of the policy on the flatbed truck from Northern, with an invoice billing for the premium. The invoice was stapled to the front of a blue policy jacket. Inside the blue jacket was a 16-page policy. The first page contained the policy declarations. The second page contained an election or rejection of uninsured motorist insurance, as required by the statutory notification procedure contained in section 627.727(1), Florida Statutes (1983).[1] Hiers testified that he never read through the policy, although he did glance at the declarations to see if it was the correct policy. This renewal also increased the bodily injury provisions to $100,000/$300,000.
After hearing the evidence, the trial court entered a final judgment finding, in pertinent part:
C. That the Petitioner, THOMAS N. HIERS, did not make an informed rejection of the higher uninsured motorist coverage as to either the 1982 or the 1983 policy issued by the Respondent to the Petitioner.

*1384 D. That the Petitioner, THOMAS N. HIERS, did not make an affirmative rejection of the higher uninsured motorist coverage as to either the 1982 or the 1983 policy issued by the Respondent to the Petitioner.
E. That the Petitioner, THOMAS N. HIERS, did not make any rejection, in writing or otherwise, of higher uninsured motorist coverage available to him under either the 1982 or the 1983 policy issued by the Respondent to the Petitioner.
F. That as to the subject 1983 policy, the Respondent sent to the Petitioner, THOMAS N. HIERS, the uninsured motorist option unattached to notice of premium, but attached under the policy jacket on the second page of the policy itself. The legislature, in its wisdom as to human behavior tendencies on the part of the citizens of the State of Florida, required such option as to uninsured motorist coverage to "be part of the notice of premium." Section 627.727(1), Florida Statutes. By not attaching the uninsured motorist coverage option to the notice of premium, Respondent failed to give Petitioner an opportunity to knowingly and affirmatively consider same within the expectations of the legislative mandate.
It may be, as contended on appeal by Northern, that the trial court erred in concluding that Hiers originally failed to make an informed rejection of higher uninsured motorist coverage based on the evidence adduced below. Nevertheless, the judgment below must be sustained if the trial court correctly found that Northern failed to comply with the provisions of section 627.727(1), Florida Statutes, "by not attaching the uninsured motorist coverage option to the notice of premium."
It is the public policy of the State of Florida that uninsured motorist coverage should equal an insured's liability coverage unless there has been a knowing rejection by the insured of such coverage. See 31 Fla.Jur.2d Insurance, § 769 (1981). Bearing this in mind, the 1980 amendment to section 627.727, Florida Statutes, added the following language:
Each insurer shall at least annually notify the named insured of his options as to coverage required by this section. Such notice shall be part of the notice of premium, shall provide for a means to allow the insured to request such coverage, and shall be given in a manner approved by the department. (Emphasis added.)
Northern argues that this amendment to the statute was complied with in the instant case because the notice of coverage options was in the same envelope as the premium notice and was attached in the policy, which was stapled to the premium notice. Northern relies on Nationwide Property & Casualty Insurance Co. v. Marchesano, 482 So.2d 422 (Fla. 2d DCA 1985). In Marchesano the Second District held that a form notification telling the insured of his available options as to uninsured motorist coverage, sent with a premium notice, was sufficient statutory notification. Northern argues that since apparently this was just a stuffer in an envelope with the premium notice, it was like the notification in the present case. We disagree. In the present case, although the notification was sent in the same envelope as the premium notice, it was contained within the 16-page bound policy and underneath the jacket on the second page thereof.
It is apparent that the legislature intended the notification to be read by the insured in order to provide him another opportunity to obtain uninsured motorist coverage. It is also apparent that it was not intended by the legislature that the form notification be buried within the policy itself. Rather, it appears that it was the intention that the notification be either attached directly to the premium notice, incorporated on the premium notice, or in a separate sheet as a stuffer. In the present case, Hiers testified that he never looked past the front declaration page of the policy. He merely looked at the front page of the policy to see if it was the right insurance policy  as most people probably would do in reviewing a renewal of policy. For this reason, we hold that section 627.727(1) was not *1385 complied with, and the trial court was correct in its holding.
AFFIRMED.
UPCHURCH, C.J., and SHARP, J., concur.
NOTES
[1] Hiers also received the policy with a statutory notice enclosed in June, 1982, with his first notice.