PARKER, Judge.
Lisa D. Waitt filed an action seeking a declaration that she was entitled to liability coverage, under a policy of insurance serviced by Hanover Insurance Company (Hanover), for an automobile accident in which she was involved. Waitt claims that the trial court erred in granting final summary judgment for Hanover. We agree and reverse.
This controversy centers around Waitt’s statements upon an insurance application executed in New Jersey. The application listed Waitt’s home address in New Jersey, her vehicle registration in New Jersey, her status as a student in Florida, and written under the term “Remarks” is the statement that “Insured will be home shortly.” At the time of application, Waitt had been academically dismissed from the University of South Florida (USF), where she had been *105 attending as a student. According to Waitt, the statement contained under “Remarks” was included in the application after she informed Hanover’s representative that she planned to return to USF to complete a summer semester, which was a graduation requirement, and then return home to New Jersey for a rest period. After that break, Waitt intended to return to USF in order to fulfill her degree requirements.
After Waitt was issued the insurance policy, she was notified that her policy would be cancelled unless she obtained a New Jersey driver’s license within thirty days. Waitt timely produced proof to Hanover of her New Jersey driver’s license.
It is not disputed that Waitt returned to Florida, began working in Tampa in February 1985, got married, and never returned to school. USF records, however, reflect that Waitt was admitted to the university’s upper division, and was a student in good standing and eligible to return.
In granting summary judgment in favor of Hanover, the trial court observed that Waitt was not a student as represented by her to Hanover’s insurance agent at the time she made application for insurance. Both Florida and New Jersey law are identical in the holding that Waitt cannot be deemed responsible for a misrepresentation based upon a future event. Stoler v. Metropolitan Life Ins. Co., 287 So.2d 694 (Fla. 3d DCA 1974); Towpath Unity Tenants Ass’n v. Barba, 182 N.J.Super. 77, 440 A.2d 51 (1981). New Jersey law further requires that a misrepresentation be “tainted with a fraudulent purpose to deceive” in order to void an insurance policy. Jerry V. Carbone, Inc. v. North River Ins. Co., 207 N.J.Super. 12, 503 A.2d 885 (1986).
Questions regarding misrepresentations on insurance applications should be considered by the trier of fact. Beneby v. Midland Nat’l Life Ins. Co., 402 So.2d 1193 (Fla. 3d DCA 1981). The issue of whether Waitt sought fraudulently to deceive Hanover at the time of application for insurance is a contested material fact. That issue should be resolved by the trier of fact, and a summary judgment is precluded. Fla.R.Civ.P. 1.510.
We vacate the summary judgment and remand for further proceedings consistent with this opinion. We grant appellant’s request for attorney’s fees on appeal; conditioned, however, on appellant’s ultimate recovery in the trial court. McDonald v. Southeastern Fidelity Ins. Co., 373 So.2d 94, 95 (Fla. 2d DCA 1979) (citing § 627.428, Fla.Stat. (1977); Dixie Farms, Inc. v. Hertz Corp., 343 So.2d 633 (Fla. 3d DCA 1977); Hart v. Bankers Fire & Casualty Ins. Co., 320 So.2d 485 (Fla. 4th DCA 1975)). In the event appellant recovers a judgment, the trial judge shall, after proper notice, assess reasonable attorney’s fees for services rendered on this appeal.
DANAHY, C.J., and FRANK, J., concur.