KAHN, Judge.
This is a heavily litigated case concerning the disposition of a credit life insurance policy. On October 19, 1978, Clarence J. Hopper, Jr. purchased a 1979 El Camino in West Palm Beach. In conjunction, he also purchased a credit life insurance policy from Dependable Life Insurance Company (Dependable). Mr. Hopper, a cropduster *264 by trade, disappeared while piloting a flight between Florida and Colombia, South America around February 6, 1980. Hopper’s wife made a claim under the policy in late 1980. On February 9, 1981, Dependable replied that it generally required a death certificate, but “due to the unusual circumstances of Mr. Hopper’s disappearance ... [would] accept an official declaration by the court as verification of [his] death.” Dependable did not, in our view, deny the claim at that time. On February 11, 1987, however, Dependable did, for the first time, deny the claim on grounds unrelated to the statute of limitations.
In September 1988, Mrs. Hopper filed a breach of contract action against Dependable for its refusal to pay death benefits under the policy. Also in September 1988, the probate court in Okaloosa County entered an Order of Presumptive Death finding that Mr. Hopper died on February 6, 1980. See § 731.103(3), Fla.Stat. (1983). Dependable moved for summary judgment on the basis that the action was barred by the five year statute of limitations applying to written contract actions, section 95.11(2)(b), Florida Statutes. Relying on the probate court’s finding as to date of death, the trial court found that the statute of limitations began to run on February 6, 1980, and therefore that the limitations period had expired. We reverse.
When a person is absent from his or her last known domicile for five years, that person is presumed to be dead. § 731.103(3), Fla.Stat. (1983). Mrs. Hopper’s cause of action did not accrue earlier than the expiration of the five year period, February 6, 1985. As stated in 20A Appleman, Insurance Law and Practice § 11613 (rev. ed. 1980):
Where a cause of action upon a policy of life insurance is based upon a statutory presumption of death, the cause of action accrues after the expiration of the presumptive period and the suit must be brought within the time fixed by contract after such presumptive period has expired. It is immaterial that it later appears that the insured died long prior to the expiration of such period.
Since Mrs. Hopper brought her action within five years of the accrual of her cause of action, the statute of limitations did not bar the action. Accordingly, the trial court erred in finding that the cause of action was barred because of the date of death selected by the probate judge. It is apparent that the date from which interest begins to accrue was at one time an issue below; however, that issue is not before this court for resolution.
Mrs. Hopper has filed a motion for attorney’s fees pursuant to section 627.428(1), Florida Statutes. We conditionally grant the motion for attorney’s fees if Mrs. Hopper ultimately prevails in the cause of action. Patterson v. Cincinnati Ins. Co., 564 So.2d 1149 (Fla. 1st DCA 1990); Hart v. Bankers Fire & Casualty Ins. Co., 320 So.2d 485 (Fla. 4th DCA 1975) (on rehearing).
REVERSED and REMANDED.
BOOTH and MICKLE, JJ., concur.