678 So.2d 368 (1996)
ALLIANZ INSURANCE COMPANY, a foreign corporation, Appellant,
v.
Terrence HALPENNY, as Personal Representative of the Estate of Lourdes Halpenny, individually, Appellee.
Nos. 95-1365, 95-1722, Lower Tribunal No. 94-22451.
District Court of Appeal of Florida, Third District.
June 12, 1996.
Rehearing Denied September 11, 1996.
*369 Fowler, White, Burnett, Hurley, Banick & Strickroot, Fred Ober, Beverly Eisenstadt and Steven Stark, Miami, for appellant.
Angones, Hunter, McClure, Lynch & Williams and Christopher Lynch, Miami, for appellee.
Before JORGENSON, GODERICH and GREEN, JJ.
PER CURIAM.
Because the insurer, Allianz Insurance Company, failed to comply with the annual notice requirements of section 627.727(1), Florida Statutes (1991),[1] we find that the trial court properly held that the uninsured/underinsured motorist coverage is equal to the liability limits set forth in the policy. See Patterson v. Cincinnati Ins. Co., 564 So.2d 1149, 1152 (Fla. 1st DCA 1990); Ruiz v. Prudential Property & Casualty Ins. Co., 441 So.2d 681 (Fla. 3d DCA 1983). Accordingly, we affirm the orders under review.
Affirmed.
NOTES
[1] Section 627.727(1), Florida Statutes (1991), provides, in pertinent part, as follows:

The insurer shall notify the named insured at least annually of his options as to the coverage required by this section. Such notice shall be part of, and attached to, the notice of premium, shall provide for a means to allow the insured to request such coverage, and shall be given in a manner approved by the department.