793 So.2d 99 (2001)
Cynthia O. YZAGUIRRE, as Personal Representative of the Estate of Oscar Yzaguirre, Appellant,
v.
PROGRESSIVE AMERICAN INSURANCE COMPANY, INC., a Florida corporation, Appellee.
No. 2D00-5272.
District Court of Appeal of Florida, Second District.
August 17, 2001.
John E. Spiller of Boardman & Spiller, P.A., Immokalee, for Appellant.
Denise H. Kennedy of the Law Office of Denise H. Kennedy, Fort Myers, for Appellee.
PARKER, Acting Chief Judge.
Cynthia O. Yzaguirre (the personal representative), the plaintiff in the trial court, as personal representative of the Estate of Oscar Yzaguirre, appeals the final summary judgment entered in favor of Progressive American Insurance Company (Progressive) after the trial court found that an automobile insurance policy did not include stacked uninsured motorist (UM) coverage. We reverse because there is a genuine issue of material fact as to whether Progressive complied with the statutory requirement of providing annual notice to its insured of UM coverage options.[1]
Since 1995 Everglades Farms (Everglades), a partnership, has maintained commercial automobile coverage from Progressive on a 1979 Chevrolet bus owned by Everglades. In June 1999 Oscar Yzaguirre (Yzaguirre) purchased his partner's *100 share in the partnership and formed Everglades Farms, Inc. (Everglades, Inc.). When Yzaguirre transferred all of the assets of Everglades to Everglades, Inc., Progressive was not notified of the change in ownership. In September 1999 Yzaguirre was killed in an automobile accident while occupying a 1999 Ford F-150 pickup truck owned by Everglades, Inc., and insured by The Travelers Indemnity Company. The Traveler's policy included UM coverage on the 1999 Ford pickup.
In April 2000 the personal representative sued Progressive in a declaratory judgment action alleging entitlement to $100,000 stacked insurance coverage under Progressive's policy for UM benefits. The complaint alleged that the personal representative made a demand on Progressive for UM benefits, which Progressive denied. In its answer, Progressive admitted that it had denied coverage for UM benefits to the personal representative after Yzaguirre was killed while occupying a vehicle owned by Everglades, Inc. As a defense, Progressive pointed to a UM coverage exclusion for injuries occurring in vehicles which were not named in the policy. Progressive subsequently filed a motion for summary judgment alleging that when the Progressive policy was first issued in 1995, Yzaguirre's partner signed a valid UM nonstacked coverage election form. Progressive attached the form, which states that "under this form, if injury occurs in a vehicle owned or leased by you ... this policy will apply only to the extent of coverage (if any) which applies to that vehicle in this policy." Progressive further alleged that the Progressive policy insured only a 1979 Chevrolet bus owned by Everglades. Progressive claimed that, because the policy did not insure the 1999 Ford pickup and Everglades elected nonstacked coverage, the policy excluded UM coverage for injuries occurring in the pickup. The personal representative argued that, even if Everglades had initially elected nonstacked coverage, Everglades was entitled to full, stacked UM coverage because Progressive failed to send Everglades required annual notices of UM coverage options. The trial court granted Progressive's motion for summary judgment, simply stating that insurance coverage was not available under the policy.
On appeal, the personal representative argues that the trial court erred in granting summary judgment because there is a genuine issue of material fact as to whether Progressive complied with the statutory requirement of furnishing Everglades with required annual notices of UM coverage options. Although the personal representative raised this issue at the hearing on Progressive's motion, Progressive did not address the issue in its motion for summary judgment or attempt to establish that it had sent the required annual notices of UM coverage options at the hearing. Because the resolution of this fact issue may be determinative of coverage in this case, the question constitutes a genuine issue of material fact that should have precluded entry of summary judgment in favor of Progressive. Therefore, we reverse the final summary judgment.
Section 627.727(1), Florida Statutes (1999), which concerns UM coverage, states in part:
The insurer shall notify the named insured at least annually of her or his options as to the coverage required by this section. Such notice shall be part of, and attached to, the notice of premium, shall provide for a means to allow the insured to request such coverage, and shall be given in a manner approved by the department.
When the insurer has failed to send this required annual notice, the courts of this state have required the insurer to provide *101 full UM coverage regardless of the insured's initial election of reduced coverage. See, e.g., Allianz Ins. Co. v. Halpenny, 678 So.2d 368 (Fla. 3d DCA 1996); Patterson v. Cincinnati Ins. Co., 564 So.2d 1149 (Fla. 1st DCA 1990); Northern Ins. Co. of N.Y. v. Hiers, 504 So.2d 1382 (Fla. 5th DCA 1987). Conversely, when the insurer has sent the required annual notices to the insured in compliance with the statute, the insured is bound by the original election of reduced UM coverage:
[The] issuance of the section 627.727(1) notification, coupled with the [insureds'] failure to act upon that notice, binds the [insureds] to the uninsured motorist coverage set forth in the policy ... [B]y including the uninsured motorist notice as part of the premium notice, [the insurer] fulfilled its duty of informing the [insureds] of the available coverage and offering that added coverage as part of the new insurance contract. Although such periodic notice will not act retroactively to cure an insurance company's failure to obtain a written rejection at the time the original policy is procured, when the insurance contract is renewed an insured has the responsibility to consider the information supplied to him with the premium notice. Once [the insurer] fulfilled its statutory duty it could not reasonably be expected to do more. The [insureds] must now take responsibility for their own failure to read and respond to the enclosed notices.
Marchesano v. Nationwide Prop. & Cas. Ins. Co., 506 So.2d 410, 413 (Fla.1987). See also Landi v. Nationwide Mut. Fire Ins. Co., 529 So.2d 1170, 1171 (Fla. 2d DCA 1988). Thus, the insurer's failure to send the required annual notices entitles the insured to the benefit of full coverage; but, if the insurer sends the required annual notices, the insured is bound by his or her original UM coverage election.
Under Florida law, a trial court should not grant summary judgment unless there is no genuine issue of material fact and only questions of law exist. Dade County Sch. Bd. v. Radio Station WQBA, 731 So.2d 638, 643 (Fla.1999). In this case, there is a genuine issue of material fact as to whether Progressive sent the annual notices regarding UM coverage, as required by section 627.727(1). Accordingly, we reverse and remand this case to the trial court. On remand, if the personal representative establishes that Progressive did not send the required annual notices of UM options to Everglades, then Everglades is entitled to full, stacked UM coverage. This may result in coverage for the personal representative on her claim.[2] On the other hand, if Progressive did send the required annual notices of UM coverage options, then the trial court is bound by Everglade's original election of nonstacked UM coverage, and there is no coverage for the accident at issue.
Reversed and remanded.
SILBERMAN, J., and CAMPBELL, MONTEREY, (Senior) Judge, Concur.
NOTES
[1] We reject the remainder of the issues the personal representative raises on appeal because they were not preserved by proper objection before the trial court. Dade County Sch. Bd. v. Radio Station WQBA, 731 So.2d 638, 644 (Fla.1999).
[2] Because this court does not have Progressive's stacked UM policy form in the record, we cannot say conclusively that the personal representative would have coverage. Rather, the personal representative would get the benefit of whatever coverage is provided by Progressive's stacked UM policy. Whether that policy provides coverage for this accident would be a question for the trial court after review of the policy form.