923 So.2d 548 (2006)
PEACHTREE CASUALTY INSURANCE COMPANY, Petitioner,
v.
PROFESSIONAL MASSAGE SERVICES, INC., as Assignee of Lisa Cliett, Respondent.
No. 1D05-2145.
District Court of Appeal of Florida, First District.
March 7, 2006.
*549 R. Steven Ruta, Esquire, of Barrett, Chapman & Ruta, P.A., Orlando, for Petitioner.
Rebecca Bowen Creed, Esquire, and John S. Mills, Esquire, of Mills & Carlin, P.A., Jacksonville, for Respondent.
HAWKES, J.
Peachtree petitions for second-tier certiorari review. As grounds, Peachtree contends the circuit court departed from the essential requirements of law by affirming the county court's summary judgment. We agree and grant the writ.

Facts and Procedural History
After sustaining injuries in an automobile accident, Lisa Cliett received treatment from Professional Massage. The parties stipulated that (1) her treatment was reasonable and related to the accident, and (2) the charges were reasonable. Cliett initially told Professional Massage she was insured by Dairyland (her former insurer), but she was actually insured by Peachtree. Based on this erroneous information, Professional Massage timely billed Dairyland  instead of Peachtree  for Cliett's services.
When Dairyland denied the claims, Professional Massage discovered Peachtree's identity and billed them for Cliett's services. However, Peachtree denied the claims, because they were not submitted within 30 days from the dates of the services as required by section 627.736(5)(b), Florida Statutes (1998).[1] In response, *550 Professional Massage filed suit in county court arguing Peachtree was responsible for paying the claims under section 627.736(5)(b) (1998), because the claims were "previously billed [to Dairyland] on a timely basis."
Both parties subsequently filed motions for summary judgment on the issue of whether Peachtree properly denied Professional Massage's claims under section 627.736(5)(b) (1998). The county court ruled in favor of Professional Massage finding that allowing them to recover: (1) did not frustrate the Legislature's purpose behind the provision, (2) was consistent with the Legislature's 2001 amendment to the statute,[2] and (3) was equitable.
Peachtree appealed this ruling to the Fourth Circuit arguing the Legislature's intent should never have been examined because the statute was not ambiguous. The Fourth Circuit affirmed the county court's summary judgment, holding the exception for "past due amounts previously billed on a timely basis" was ambiguous as to whether it applied only to charges previously billed to the same insurer  or  whether it also applied to charges previously billed to the wrong insurer.

Certiorari Review
Second tier certiorari review is limited to situations where a lower court's decision is a(1) violation of procedural due process, or (2) departure from the essential requirements of law. See Allstate Ins. Co. v. Kaklamanos, 843 So.2d 885, 889 (Fla.2003). A "departure from the essential requirements of law" occurs when a lower court fails to fulfill its constitutional duty to apply a correct principle of law to admitted facts. See Kaklamanos v. Allstate Ins. Co., 796 So.2d 555, 557 (Fla. 1st DCA 2001), approved by Allstate, 843 So.2d 885.

Section 627.736(5)(b) (1998) is Unambiguous
Section 627.736(5)(b) (1998) provides that an insurer is not responsible for paying bills submitted more than 30 days after a medical service was rendered "except for past due amounts previously billed on a timely basis under this paragraph." (emphasis added). "This paragraph" (i.e., subsection (5)(b)) requires claims to be billed to "the insurer." Here, it is undisputed that Peachtree was "the insurer"  not Dairyland. Thus, it was a departure from the essential requirements of law for the circuit court to apply the exception to the claims originally submitted to Dairyland.

The 2001 Amendment to Section 627.736(5)(b) (1998) is Irrelevant
It is not clear in the summary judgment whether the county court was actually applying the 2001 amendment to Professional Massage's claims, or merely referencing it to discern the Legislature's intent behind the 1998 version of the statute. Either way, the circuit court departed from the essential requirements of law by affirming the county court's consideration of the amendment.
If the county court was actually applying the amendment to Professional Massage's *551 claims, this would be a failure to apply the correct law, because the amendment is not applicable to claims for payment of services rendered before October 1, 2001. See Ch.2001-271, § 11(3), Laws of Fla.[3] If, on the other hand, the county court was merely referencing the amendment to discern legislative intent, this would be a failure to apply the well-settled law requiring courts to refrain from looking to the legislative intent when a statute is clear and unambiguous. See, e.g., Warren v. State Farm Mutual Auto. Ins. Co., 899 So.2d 1090, 1095 (Fla.2005) ("`Where the wording of the Law is clear and amenable to a logical and reasonable interpretation, a court is without power to diverge from the intent of the Legislature as expressed in the plain language of the Law.'") (quoting United Auto. Ins. Co. v. Rodriguez, 808 So.2d 82, 85 (Fla.2001)).
Even if it was proper to consider the legislative intent, the 2001 amendment actually supports Petitioner's position, because the Legislature would not have amended the statute in 2001 to incorporate a new exception for claims billed to the wrong insurer, if the 1998 exception already stood for that proposition. See Dep't of Mgmt. Servs. v. Cason ex. rel. Columbia County, 909 So.2d 378 (Fla. 1st DCA 2005) ("[T]he legislature is presumed to be aware of prior existing laws and the construction placed upon them. . . .").

Conclusion
By erroneously affirming the county court's summary judgment in favor of Professional Massage, the circuit court departed from the essential requirements of law. We GRANT the petition for writ of certiorari, QUASH the circuit court's order, and REMAND for proceedings consistent with this opinion.
POLSTON, J., concurs.
BENTON, J., dissents with written opinion.
BENTON, J., dissenting.
The petition for writ of certiorari should be denied because no legal error below, if indeed there was any, was "`sufficiently egregious or fundamental' to fall within the limited scope," Kaklamanos, 843 So.2d at 890 (quoting Kaklamanos v. Allstate Ins. Co., 796 So.2d 555, 557-58 (Fla. 1st DCA 2001)), of our certiorari jurisdiction. The view (shared by both the circuit and the county court) that the Legislature did not intend (even before chapter 2001-271, § 11(3), Laws of Fla., removed all doubt) to extinguish the medical provider's rights on account of a patient's error cannot fairly be said to violate "a clearly established principle of law resulting in a miscarriage of justice." Allstate Ins. Co. v. Kaklamanos, 843 So.2d 885, 889 (Fla.2003).
It has, indeed, been suggested that "if a medical provider alleged . . . noncompliance with the statute [failure to submit bills within 30 days] due to patient malfeasance or error, . . . the statute [before chapter 2001-271, § 11(3), Laws of Fla., amended it] would result in an unconstitutional denial of access to the courts as applied." Warren v. State Farm Mut. Auto. Ins. Co., 899 So.2d 1090, 1098 (Fla. 2005) (Pariente, C.J., specially concurring).
The lower courts have proceeded here in keeping with the teaching that "where a statute is susceptible of two constructions, by one of which grave and doubtful constitutional questions arise and by the other of *552 which such questions are avoided, our duty is to adopt the latter." United States ex rel. Attorney Gen. v. Delaware & Hudson Co., 213 U.S. 366, 408, 29 S.Ct. 527, 53 L.Ed. 836 (1909).
Denying the petition would obviate the need to decide substantial constitutional questions raised in the answer brief, questions which today's decision resolves against the respondent without any discussion. See Dade County Sch. Bd. v. Radio Station WQBA, 731 So.2d 638, 644 (Fla. 1999) (holding that "if a trial court reaches the right result, but for the wrong reasons, it will be upheld if there is any basis which would support the judgment in the record").
I respectfully dissent.
NOTES
[1] This statute provided in pertinent part: "With respect to any treatment or service, . . . the statement of charges must be furnished to the insurer by the provider and may not include, and the insurer is not required to pay, charges for treatments or services rendered more than 30 days before the postmark date of the statement, except for past due amounts previously billed on a timely basis under this paragraph."
[2] The 2001 amendment renumbered section 627.736(5)(b) (1998) to section 627.736(5)(c) and provided an exception to the 30-day billing requirement directly addressing the situation at bar. The exception allows medical providers 35 additional days to submit a claim when they are furnished incorrect insurance information by a patient.
[3] This section of Florida's 2001 No-Fault Act provides in pertinent part that "[p]aragraphs. . . (5)(b) and (c) . . . of section 627.736, Florida Statutes as amended by this act . . . shall apply to treatment and services occurring on or after October 1, 2001. . . ."