973 So.2d 529 (2007)
Bobby B. ROSE and Maudeanna Rose, Appellants,
v.
James CLEMENTS, individually, and Florida Family Insurance Company, Appellees.
No. 1D06-3426.
District Court of Appeal of Florida, First District.
December 26, 2007.
Rehearing Denied January 31, 2008.
*530 Sean C. Barber and W. Alan Winter of The Winter Law Firm, Neptune Beach, for Appellants.
Michael S. O'Neal of Howell & O'Neal, P.A., Jacksonville, for Appellee Florida Family Insurance Company. No appearance for Appellee James Clements.
PER CURIAM.
Appellants challenge the trial court's final order entered after granting Florida Family Insurance Company's motion for summary judgment and dismissing Florida Family Insurance Company from the underlying case. Any basis for reversal of summary judgment must be preserved by raising the issue in the trial court. Cassady v. Moore, 737 So.2d 1174, 1178 (Fla. 1st DCA 1999); Yzaguirre v. Progressive Am. Ins. Co., 793 So.2d 99, n. 1 (Fla. 2d DCA 2001). After discovering that the record on appeal did not contain a transcript of the summary judgment hearing, this court issued an order directing Appellants to supplement the record pursuant to Florida Rule of Appellate Procedure 9.200(f)(2) with this information. Appellants did not file a transcript or a reconstructed record in response to this order. Due to the insufficient record, this court is unable to determine on what basis, if any, Appellants argued against the motion for summary judgment because the hearing on this motion was not recorded. Thus, this court is unable to review the factual or legal basis for the trial court's decision. See Applegate v. Barnett Bank of Tallahassee, 377 So.2d 1150, 1152 (Fla.1979); Klette v. Klette, 785 So.2d 562 (Fla. 1st DCA 2001); Rollins v. Rollins, 783 So.2d 1114, 1115 (Fla. 1st DCA 2001); M.J. v. A.B., 694 So.2d 888 (Fla. 2d DCA 1997). "Litigants who proceed . . . without a court reporter take a calculated risk. If the facts are determined adversely they may well be unable to demonstrate error on appeal due to the absence of a record." Starks v. Starks, 423 So.2d 452, 454 (Fla. 1st DCA 1982). Accordingly, we AFFIRM the trial court's order on appeal.
BROWNING, C.J., BARFIELD, and DAVIS, JJ., concur.