MARSTILLER, J.
 

 This is an appeal from a final summary judgment finding that Jerry G. Beckmeyer, Jr., was not entitled to uninsured motorist (“UM”) benefits under his automobile insurance policy in force when he was killed in a motorcycle accident by an uninsured driver. At issue is whether section 627.727(1), Florida Statutes (2006), required Progressive American Insurance Company (“Progressive”) to include information about UM coverage options in Mr. Beckmeyer’s six-month policy renewal notice. We review the trial court’s grant of summary judgment
 
 de novo, see, e.g., Volusia County v. Aberdeen at Ormond Beach, L.P.,
 
 760 So.2d 126, 130 (Fla.2000),
 
 O’Brien v. State Farm Fire & Cas. Co.,
 
 999 So.2d 1081, 1082 (Fla. 1st DCA 2009),
 
 *82
 
 and find the court correctly interpreted the plain language of the statute to require only annual notice of UM coverage options.
 

 Under section 627.727(1), vehicle liability insurance policies must include UM coverage unless the named insured rejects such coverage in writing. The statute also provides, in pertinent part:
 

 Unless an insured ... requests such coverage or requests higher uninsured motorist limits in writing, the coverage or such higher uninsured motorist limits need not be provided in or supplemental to any other policy which renews, extends, changes, supersedes, or replaces an existing policy with the same bodily injury liability limits when an insured ... had rejected the coverage....
 
 The insurer shall notify the named insured at least annually of her or his options as to the coverage required by this section. Such notice shall be part of and attached to, the notice of premium,
 
 shall provide for a means to allow the insured to request such coverage, and shall be given in a manner approved by the office.
 

 § 627.727(1), Fla. Stat. (2006) (emphasis added). If an insurer fails to provide notice of UM coverage options in the manner required by the statute, the insured is entitled to such coverage even if it had been initially rejected.
 
 See Tobin v. Mich. Mut. Ins. Co.,
 
 948 So.2d 692 (Fla.2006);
 
 Patterson v. Cincinnati Ins. Co.,
 
 564 So.2d 1149 (Fla. 1st DCA 1990);
 
 N. Ins. Co. of N.Y. v. Hiers,
 
 504 So.2d 1382 (Fla. 5th DCA 1987).
 

 Mr. Beckmeyer rejected UM coverage in his application for auto insurance. The initial six-month policy period was August 28, 2005, to February 28, 2006. Before the policy period expired, Progressive sent Mr. Beckmeyer a renewal reminder and notice of premium due to continue the policy for another six months. The renewal notice did not include information regarding UM coverage options, and Mr. Beckmeyer did not elect such coverage for the renewal policy period, February 28, 2006, to August 28, 2006. Mr. Beckmeyer was fatally injured by an uninsured motorist on May 26, 2006. The personal representative of Mr. Beckmeyer’s estate asserts that Progressive’s failure to include the UM coverage information with the six-month renewal notice allows the estate to recover UM liability benefits to which Mr. Beckmeyer was entitled.
 

 When a statute is clear and unambiguous, courts have no need to look behind the plain language or resort to rules of statutory construction to find legislative intent.
 
 Borden v. East-European Ins. Co.,
 
 921 So.2d 587, 595 (Fla.2006);
 
 Peachtree Cas. Ins. Co. v. Prof'l Massage Servs.,
 
 923 So.2d 548, 551 (Fla. 1st DCA 2006) (citing
 
 Warren v. State
 
 Farm
 
 Mut. Auto. Ins. Co.,
 
 899 So.2d 1090, 1095 (Fla.2005.)) We do not read the plain language of section 627.727(1) to
 
 require
 
 that notice of UM coverage availability be sent more frequently than annually, even where, as here, the insured’s policy renews every six months. The statute states only that such notice must be sent “at least annually.”
 
 See Yzaguirre v. Progressive Am. Ins. Co., Inc.,
 
 793 So.2d 99, 100 (Fla. 2d DCA 2001) (referring to the “annual notice” required by section 627.727(1));
 
 Allianz Ins. Co. v. Halpenny,
 
 678 So.2d 368, 369 (Fla. 3d DCA 1996) (same). The statutory language requiring the notice to be “part of, and attached to, the notice of premium” dictates the manner in which the notice must be provided, not the frequency with which it must be provided. Progressive was not required to include notice of UM coverage options in Mr. Beckmeyer’s six-month policy renewal notice. Therefore,
 
 *83
 
 the trial court correctly found Mr. Beck-meyer was not entitled to UM benefits.
 

 AFFIRMED.
 

 WOLF and LEWIS, JJ, concur.