518 So.2d 416 (1988)
Marjane McNAIR, Appellant,
v.
Donato A. DAVIS, Appellee.
No. 87-1430.
District Court of Appeal of Florida, Second District.
January 6, 1988.
John N. Bogdanoff of Haas, Boehm, Brown, Rigdon, Seacrest & Fischer, P.A., Daytona Beach, for appellant.
I.W. Williams of Williams & Milton, P.A., St. Petersburg, for appellee.
RYDER, Acting Chief Judge.
In 1985, a collision occurred between an automobile driven by appellant and a moped driven by appellee. Appellee sued appellant for negligence, seeking to recover damages for injuries he allegedly sustained in the accident. The testimony adduced during the jury trial indicated that both appellant and appellee were traveling south on 31st Street South in St. Petersburg. Appellee was attempting to pass on the right side of appellant when he struck appellant's car as appellant began making a right turn into a parking lot. The testimony was conflicting as to whether appellant had indicated her turn. Appellant and an eyewitness testified that appellant's right turn signal was on. Appellee and two other eyewitnesses testified that appellant's left turn signal was on.
Appellee claimed he suffered permanent injuries from the accident. Appellee testified that he had been in an automobile accident in 1982 resulting in injuries similar to the injuries received in the latest accident.
The deposition of Dr. Alsup, appellee's physician, was read into evidence. He was the physician who treated appellee after the 1982 accident. At the time of the last treatment for the 1982 accident, Dr. Alsup gave appellee a five percent disability rating as a result of the injuries. Dr. Alsup's next contact with appellee was approximately one month after the 1985 accident, and after several visits to Dr. Alsup by appellee, appellee was referred to an orthopedic surgeon. Dr. Alsup stated in his deposition that at the time he referred appellee to an orthopedic surgeon, he was unable to say whether the injuries suffered by appellee in the 1985 accident were permanent in nature.
Dr. Okuboye is the orthopedic surgeon that treated appellee after Dr. Alsup. At trial, he testified as to the treatment he undertook on appellee and then testified that he was of the opinion that appellee suffered a permanent injury as a result of the 1985 accident. On cross-examination, *417 Dr. Okuboye admitted that he was unaware that appellee had been involved in the previous accident in 1982 and, when asked whether he had ever had an opportunity to review Dr. Alsup's records concerning either the 1985 or the 1982 accident, he replied, "I don't believe I have." In fact, Dr. Okuboye testified appellee never told him about the 1982 accident when the doctor took appellee's history. Dr. Okuboye opined that appellee suffered a permanent disability rating of five and one-half percent.
Appellant obtained the services of an orthopedic surgeon, who conducted an independent medical examination of appellee. Dr. Slomka, whose deposition was also read to the jury, opined that appellee sustained no permanent impairment from the injuries.
In addition to the medical testimony, appellee presented five other witnesses, including himself. Appellant presented four other witnesses, including herself. Appellant also introduced a surveillance video tape showing appellee engaged in various physical activities including lifting various objects, riding his moped and bending while repairing the moped. The videotape was played to the jury.
Both parties agree here that at the conclusion of the evidence the jury was properly verbally instructed by the trial court. After deliberating, the jury returned a verdict in favor of appellant.
Three days later, appellee moved for a new trial claiming that the first question on the verdict form omitted the word "reasonable" from the term "permanent injury within a reasonable degree of medical probability." The motion for new trial also argued that the jury's verdict was against the manifest weight of the evidence.
The trial court granted a new trial on both theories argued by appellee. The court found "that the verdict form as submitted to the jury was erroneous and thereby misleading due to the omission of the key work [sic] `reasonable'." The court also found "that the jury verdict is contrary to the manifest weight of the evidence." The court's order discussed only the medical testimony and stated that the court "specifically discounted the testimony of Dr. Slomka, the Defendant's doctor for the reason that he only saw the Plaintiff for a period of about twenty (20) minutes on one (1) occasion and did not have access to both diagnostic tests which had been performed at the Lake Seminole Hospital in August, 1986." This appeal followed.
Few decisions of a lower court are granted greater deference in our judicial system than a trial court's order granting a new trial. The trial court has "broad discretion" in its decision. Ford Motor Co. v. Kikis, 401 So.2d 1341, 1342 (Fla. 1981). Stated differently, "if reasonable men could differ as to the propriety of the action taken by the trial court, then there is no abuse of discretion." Id.
The trial court's first reason for granting a new trial was based on the omission of the word "reasonable" from the verdict form. The trial court felt this reason was sufficient even though the jury had been properly instructed. The court found in its order that the jury had access to the verdict form but did not have access to the instructions. To uphold the trial court's ruling in this matter, we would be required to allow the trial court to speculate as to how much the jury considered the verdict form vis-a-vis the court's oral instructions. The record is silent as to how long the jury deliberated. Obviously, since the omission of the word was brought to the trial court's attention three days after the trial, the trial court was not in a position to have the opportunity to question the jurors concerning this matter.
A jury is presumed to have followed a trial court's instructions on the law. Wasden v. Seaboard Coastline Railroad Co., 474 So.2d 825, 831 (Fla. 2d DCA 1985), review denied, 484 So.2d 9 (Fla. 1986); National Car Rental System v. Holland, 269 So.2d 407, 412 (Fla. 4th DCA 1972), cert. denied, 273 So.2d 768 (Fla. 1973). The trial court's ruling must necessarily go against that presumption by speculating that the jury considered and followed the verdict form rather than the court's instructions. *418 Neither we nor the trial court have any way of knowing whether the jury in this case read and studied the verdict form over and over, or simply followed the court's instructions and upon completing deliberations read and completed the verdict form. The presumption must control and the trial court abused his broad discretion in not following it.
One of our sister courts has reached a similar conclusion in a case where the facts supporting the grant of a new trial would be even more compelling. E.F. Hutton v. Sussman, 504 So.2d 1372 (Fla. 3d DCA 1987). In Sussman, the trial court denied the defendant's (E.F. Hutton's) post-trial motions. The jury had awarded punitive damages against E.F. Hutton. The motions indicated that even though the jury was properly instructed, the verdict forms did not require the jury to find that E.F. Hutton had acted recklessly, wilfully or wantonly in order to render a verdict for punitive damages. On appeal, the third district affirmed the trial court's denial of the motions. If leaving out of a verdict form an entire element of proof necessary to award punitive damages is not fatally defective to a verdict, then reasonable men could not differ that the omission of the word "reasonable" as a modifier of "degree of medical probability" is likewise not fatal to the verdict.
The trial court's second reason for granting a new trial is that the verdict was against the manifest weight of the evidence. This reason cannot be used by a trial court to impanel itself as a "seventh juror with veto power." See Wackenhut Corp. v. Canty, 359 So.2d 430, 437 (Fla. 1978). A verdict is against the manifest weight of the evidence where the evidence "is clear, obvious and indisputable." Perenic v. Castelli, 353 So.2d 1190 (Fla. 4th DCA 1977), cert. denied, 359 So.2d 1211 (Fla. 1978). The jury in the instant case found that appellee did not sustain a permanent injury as a result of the 1985 accident. No "reasonable man" could successfully argue that the evidence in this case is "clear, obvious and indisputable" that appellant did suffer permanent injury as a result of the accident. Therefore, the trial court abused its broad discretion in finding the verdict was against the manifest weight of the evidence.
We reverse and vacate the trial court's order granting appellee a new trial and remand with instructions that the final judgment in favor of appellant, entered on April 21, 1987, be reinstated.
Reversed and remanded.
SCHOONOVER and LEHAN, JJ., concur.