563 So.2d 826 (1990)
The PLACIDO GARDENS CONDOMINIUM ASSOCIATION, INC., a Florida Corporation, Appellant,
v.
Paul JOHNSON, As Personal Representative of the Estate of Betty Yost, Deceased, Appellee.
No. 89-00902.
District Court of Appeal of Florida, Second District.
July 6, 1990.
*827 Jeffrey P. Winkler of Fowler, White, Gillen, Boggs, Villareal & Banker, St. Petersburg, for appellant.
W. Thomas Wadley and Linda R. Allan of Rahdert & Anderson, St. Petersburg, for appellee.
HALL, Judge.
Placido Gardens Condominium Association, Inc. appeals the order granting Betty Yost's motion for new trial.[1] We reverse.
Betty Yost filed an action against the association for damages for injuries she sustained when she tripped and fell on an elevated ramp leading to a garbage disposal room. Ms. Yost's complaint alleged that the ramp constituted an unreasonable danger about which the association knew at all material times, that the association failed to remedy the defect or warn condominium unit owners of the danger thereof, and that Ms. Yost's injuries were a direct and proximate result of the failure to remedy or warn. The association answered Ms. Yost's complaint by denying the allegations thereof and asserting that the injuries Ms. Yost sustained were the direct and proximate result of her own negligence. The case went to trial and the jury returned a verdict finding no negligence on the part of the association. Ms. Yost filed a motion for new trial, which was granted. In the amended order granting new trial, the trial court found that
[h]ad there been any finding whatsoever of negligence on the part of the Defendant, and even great comparative negligence on the part of the Plaintiff, the conscience of the Court would not have been shocked. However, as a matter of law, there is nothing that would allow a fair and impartial juror in this particular case to totally absolve the Defendant from any and all liability... . The jury has ignored the reasonable, in fact, the necessitated foreseeability that people would be carrying garbage to the facility and that their free and normal movement would be otherwise precluded by this act. The jury has also ignored the obvious foreseeability that in cases of great loads or inclement weather, the obvious shortest route to the garbage facility would be used.
The trial court also stated as reasons for granting a new trial its refusal to excuse for cause juror Salzer and jurors whose *828 answers to voir dire questions regarding jury awards the trial court believed reflected their beliefs that jury awards affect insurance premium rates.[2]
In granting a motion for a new trial, the judge must render an order which "need not incant language to the effect that the verdict is against the manifest weight of the evidence or was influenced by considerations outside the record, ... [but which] must give reasons which will support one of these two conclusions so that it will be susceptible of appellate review." Wackenhut Corp. v. Canty, 359 So.2d 430, 435 (Fla. 1978). The standard of appellate review of whether the trial court abused its discretion is that of reasonableness  if reasonable men can differ as to the propriety of the court's action then the court did not abuse its discretion. Id.; Smith v. Brown, 525 So.2d 868 (Fla. 1988).
We find no expression by the trial judge of the first conclusion set forth in Wackenhut that the verdict is against the manifest weight of the evidence. Rather, in stating that his conscience would not have been shocked had the jury found some liability on the part of the association and that the jury ignored certain foreseeable situations, the trial judge was merely disagreeing with the jury's determination of what weight to accord the evidence and thus impermissibly acting as a seventh juror with veto power. This is clear in light of the evidence adduced at trial. Ms. Yost had lived in the same condominium unit at Placido Gardens for twenty years. She had disposed of her garbage and junk mail at the disposal site two to four times a day without incident prior to the fall which formed the basis for the instant action. In addition, although an engineer testified that the disposal site constituted a dangerous tripping hazard, the minutes of the board of directors' meetings, from the inception of the association to the date of Ms. Yost's accident, show no formal complaints regarding the safety of the site.
We do find an expression by the trial judge of the second conclusion set forth in Wackenhut that the jurors were influenced by matters outside of the record. The judge stated in his order his belief that the jurors' hostile answers to voir dire questioning regarding ultimate jury awards revealed that the jurors had "been prejudiced beyond reconciliation by the media presentations of the insurance industry." He went on to state that
the 35-minute defense verdict in this case which included whatever time was necessary to elect Mr. Jeffrey D. Knight as foreperson of the jury, and which came back with a finding of no negligence whatsoever on the part of the defendant, notwithstanding the Plaintiff's expert witnesses and the physical circumstances of the premises, indicates that there was an inflamed, prejudiced and unfair jury.
The court also felt that there was a possibility of outside influence on the jury through the presence of juror Salzer because the court reduced Salzer's expert witness fee in another case and Salzer "had legitimate cause to be of negative opinion of the court itself."
The question asked of the venire regarding ultimate jury awards was whether anyone had in mind a preset monetary figure beyond which he or she would not go no matter what amount of damages the evidence indicated was warranted. Of the venire that responded affirmatively to this question, three were ultimately chosen as jurors. There is no evidence of any connection between the affirmative responses of three of the six jurors to this question and the verdict finding no liability on the part of the association. The three jurors' responses revealed a belief that there should be a limit on damages, not that plaintiffs are not entitled to redress for their injuries.
The trial judge's concern about juror Salzer is not susceptible of appellate review because there is nothing in the record to support it. The trial judge informed counsel *829 during a bench conference that he had reduced Mr. Salzer's expert witness fee in a previous case. However, neither the judge nor counsel asked Mr. Salzer if he harbored hostility toward the trial judge and, if he did, if that hostility would affect his decision regarding Ms. Yost's cause of action.
We find that the order granting Ms. Yost a new trial is permeated with statements revealing that the basis for the order was the trial judge's disagreement with the jury's verdict, rather than a finding that the verdict was against the manifest weight of the evidence and/or that the jury was influenced by considerations outside of the record. We find that reasonable men cannot differ as to the impropriety of the trial court's granting Ms. Yost a new trial and that, therefore, the judge abused his discretion in so doing.
Accordingly, we reverse with directions that the jury verdict be reinstated and that final judgment be entered pursuant thereto.
FRANK, A.C.J., and PATTERSON, J., concur.
NOTES
[1] Since this appeal was filed Betty Yost has passed away and Paul Johnson, the personal representative of her estate, has been substituted as the appellee.
[2] The trial court attributed these beliefs to the heightened media attention to insurance premium rates during the weeks and months preceding the state-wide vote on amendment 10 the month before trial.