565 So.2d 809 (1990)
Kenneth S. BERN, Appellant,
v.
David SPRING, Appellee.
No. 88-3066.
District Court of Appeal of Florida, Third District.
July 31, 1990.
Rehearing Denied September 6, 1990.
Magill & Lewis and R. Fred Lewis, Miami, for appellant.
Perse & Ginsberg and Arnold Ginsberg, Klemick & Gampel, Miami, for appellee.
Before BASKIN, JORGENSON and GODERICH, JJ.
BASKIN, Judge.
Kenneth S. Bern appeals from an order granting a new trial following a jury verdict in his favor. We reverse.
Bern was driving in his automobile when he was approached from behind by another vehicle. The vehicle turned toward Bern in a threatening manner. Bern stopped at a traffic light and another vehicle joined the first one, sandwiching Bern's vehicle between the two cars. Bern attempted to evade the vehicles, but turned into an intersection they were blocking. As he tried to avoid the intersection, someone hurled an item through his window. Bern again attempted to leave the area, but one of the vehicles blocked his way. One of the occupants approached Bern's car with an ax handle and began striking Bern's vehicle. Again attempting to escape the situation, Bern backed up his vehicle, causing it to hit *810 the vehicle which had transported David Spring to the scene. Spring alleged that he was seated in the back seat of the car at the time.
Spring sued Bern for damages for personal injuries he incurred as a result of the collision. At trial, the testimony was conflicting as to the distance between Bern's vehicle and the vehicle Spring was occupying, and as to whether Spring was in or out of the vehicle at the time it was struck. There was also testimony that Spring was "jumping around" at the scene and threatening Bern with a lawsuit in connection with a prior back operation. The jury returned a verdict in Bern's favor. Spring moved for a new trial; the trial court granted the motion. Bern appeals.
In reviewing a post-trial order granting a new trial, the appellate court must give the trial court's decision considerable deference. Rety v. Green, 546 So.2d 410 (Fla. 3d DCA), review denied 553 So.2d 1165 (Fla. 1989). Where the court has expressed reasons for its order, the appropriate standard of review is whether there has been a clear showing of abuse of discretion by the trial court. Winn-Dixie Stores, Inc. v. Robinson, 472 So.2d 722 (Fla. 1985); Rety. "If reasonable [people] could differ as to the propriety of the action taken by the trial court, then the action is not unreasonable and there can be no finding of an abuse of discretion." Baptist Memorial Hosp., Inc. v. Bell, 384 So.2d 145, 146 (Fla. 1980); Rety.
In its order granting Spring's motion for a new trial on all issues, the trial court stated that "the verdict returned by the jury is against the manifest weight of the evidence." The trial court indicated the evidence it felt should have persuaded the jury to find in Spring's favor. "A verdict is against the clear weight of the evidence where the evidence `is clear, obvious and indisputable.'" McNair v. Davis, 518 So.2d 416, 418 (Fla. 2d DCA 1988). However, a trial court cannot use this reason "to impanel itself as a `seventh juror with veto power.'" McNair, 518 So.2d at 418 (citations omitted).
By granting the motion for a new trial, the trial court impermissibly usurped the jury's power as factfinder. This case did not present a clear, indisputable series of events; the facts surrounding the incidents that occurred when Bern backed his car into the vehicle Spring was allegedly occupying were in dispute. The record reveals sufficient evidence and testimony to support a jury finding in Bern's favor. Thus, the jury verdict was not contrary to the weight of the evidence. The trial court's order granting a new trial was clearly improper and constituted an abuse of discretion. We therefore reverse the order granting a new trial, and remand for the entry of a final judgment consistent with the jury verdict.
Reversed and remanded.