PER CURIAM.
This is an appeal from a final order granting a new trial and setting aside a final judgment. We reverse and remand with direction to enter final judgment in accordance with the verdict.
Appellee filed a complaint against appellant for damages sustained to his boat as a result of theft from appellant’s premises. Appellee had his boat stored on appellant’s premises as part of a consignment sales contract. Appellant’s failure to provide reasonable and adequate security for appel-lee’s property was the basis for breach of contract and negligence counts.
The issue of whether adequate security was provided was tried before a jury, which found that appellant was not negligent. Appellee filed a motion for new trial, alleging among his reasons that the trial court committed reversible error in misreading the jury instruction relating to the standard of care appellant owed. After a hearing on the motion, the trial court entered an order granting the motion for new trial and gave as its reason the misreading of the jury instruction.
When it began reading the wrong verdict form, after instructing the jury on the applicable law, the trial court uttered the word “gross” preceding the word “negligent” because it had received this wrong jury verdict form inadvertently. The incident occurred as follows:
[THE COURT]: When you agree on your verdict, the Foreman, acting on behalf of the jury whould [sic] date and sign the appropriate form, the Verdict Form, right here. “We the Jury return the following verdict. Do you find from the greater weight of the evidence that the defendant, Lake Wor[th] Boating Center, Inc., was grossly negligent — ”
MR. SELZER: Excuse me. That’s a mistake, was negligent.
THE COURT: So we’re striking the word grossly. Do you find, by the greater weight of the evidence, the defendant, Lake Worth Boating Center, was negligent, and that such negligence was a legal cause of damage to the plaintiff, Howard Bomze. Answer yes or no.
The trial court immediately read the verdict form correctly and provided the jury with the correct verdict form. Appellee did not request a curative instruction nor any other relief. Appellant appeals the grant of a new trial.
Appellant correctly points out that the trial court did not read the standard of gross negligence to the jury. Prior to this occurrence, the court had read the definition of negligence and that of reasonable care. Both closing arguments referred only to negligence and reasonable care. In addition, the jury received the proper verdict forms. Thus, contends appellant, any error was harmless.
The issue here is whether the trial court abused its discretion in granting a new trial because the reason it articulated for the granting is not supported in the record. See Wackenhut Corp. v. Canty, 359 So.2d 430, 435 (Fla.1978); Eley v. Moris, 478 So.2d 1100, 1104 (Fla. 3d DCA 1985). The appropriate standard of review is whether *237 there has been a clear showing of abuse of discretion. Bern v. Spring, 565 So.2d 809, 810 (Fla. 3d DCA 1990). We conclude there has been in this case. See McNair v. Davis, 518 So.2d 416 (Fla. 2d DCA 1988); Gallagher v. Federal Ins. Co., 346 So.2d 95, 97 (Fla. 3d DCA), cert. denied, 354 So.2d 980 (Fla.1977); Yacker v. Teitch, 330 So.2d 828, 830 (Fla. 3d DCA 1976); and National Car Rental Sys. v. Holland, 269 So.2d 407, 412 (Fla. 4th DCA 1972), cert. denied, 273 So.2d 768 (Fla.1973).
LETTS, GLICKSTEIN and DELL, JJ., concur.