626 So.2d 243 (1993)
Hubert Steve COX, Appellant,
v.
AMERICAN PIONEER LIFE INSURANCE COMPANY, a Foreign corporation, Appellee.
No. 92-2115.
District Court of Appeal of Florida, Fifth District.
September 10, 1993.
Rehearing Denied November 1, 1993.
*244 Charles L. Handlin, III, of Handlin & Hefferan, Orlando, for appellant.
Steven L. Brannock, Terry L. McCollough and Karol K. Williams of Holland & Knight, Tampa, for appellee.
DAUKSCH, Judge.
Appellant, Steve Cox, timely appeals a judgment notwithstanding the verdict which the trial court entered in favor of appellee, American Pioneer Life Insurance Company, following a jury trial in a breach of insurance contract case. The issue on appeal is whether the trial court erred by denying recovery under a major medical insurance policy on the ground that appellant made a material misrepresentation on his insurance application. We hold it did and reverse.
Section 627.409(1), Florida Statutes (1991) provides the following:
627.409 Representations in applications; warranties. 
(1) All statements and descriptions in any application for an insurance policy or annuity contract, or in negotiations therefor, by or in behalf of the insured or annuitant, shall be deemed to be representations and not warranties. Misrepresentations, omissions, concealment of facts, and incorrect statements shall not prevent a recovery under the policy or contract unless:
(a) They are fraudulent;
(b) They are material either to the acceptance of the risk or to the hazard assumed by the insurer; or
(c) The insurer in good faith would either not have issued the policy or contract, would not have issued it at the same premium rate, would not have issued a policy or contract in as large an amount, or would not have provided coverage with respect to the hazard resulting in the loss, if the true facts had been made known to the insurer as required either by the application for the policy or contract or otherwise.
The materiality of an insured's misrepresentation is a factual issue where there is a dispute as to the extent of the questions asked by the agent, the accuracy of the insured's answers and the insured's alleged misrepresentation. See Patterson v. Cincinnati Ins. Co., 564 So.2d 1149 (Fla. 1st DCA 1990); Preferred Risk Life Ins. Co. v. Sande, 421 So.2d 566 (Fla. 5th DCA 1982); Beneby v. Midland Nat. Life Ins. Co., 402 So.2d 1193 (Fla. 3d DCA 1981); Travelers *245 Ins. Co. v. Zimmerman, 309 So.2d 569 (Fla. 3d DCA 1975). The evidence in the present case showed that appellant and his wife made several misrepresentations in their insurance application. Because there was a factual dispute as to the extent of the information imparted by appellant to appellee through its agent, however, the ultimate issue is whether the misrepresentations were material.
The evidence at trial showed that appellant's wife, Diane Cox, filled out an application for group medical insurance with appellee in April of 1989 seeking coverage for the entire family through appellant's business. John Atkins was the agent who handled the transaction. Appellant testified that the first time they met, he told Atkins that his daughter, Dina, had tachycardia, a condition causing a rapid heartbeat which lasts from a few seconds to a couple of minutes. Because Atkins did not understand the condition, he called Kim Ricketts in the underwriting department. Following their conversation, he told appellant that he would attach Dina's medical records to the application.
Diane did not indicate on the insurance application that Dina had previously been denied coverage by another insurance company because appellant had not told her about the denial. Question number five on the application additionally asked whether any person to be covered had ever had or received medication or treatment for a heart attack or heart disease. Diane answered no to this question because she was under the impression that tachycardia was a condition rather than a disease. She also admitted at trial that Dina had been seen within the past five years by Dr. Nadkarni, her treating physician for the condition, but testified that she did not note the visit on the application because the agent knew that Dina's medical records were being sent with the application. Finally, she neglected to note that a female surgical procedure had been performed on Dina in 1988 because it "was a very private thing."
When Diane was asked which medical records were attached to the application, she replied that Dina's complete medical records from Dr. Nadkarni were attached. She and appellant both admitted at trial that the medical records which they provided to appellee's insurance agent did not cover Dina's last visit to Dr. Nadkarni in March of 1989 despite the fact that the application was filled out and the policy was issued in April. Diane also admitted that she had answered two or three of the questions on the insurance policy incorrectly but said that she had not done so deliberately.
Appellee agreed to provide the Cox family with medical coverage. It later denied coverage for a hospitalization claim incurred by Dina which was unrelated to her tachycardia. Although the claim was in the amount of $12,752.50, the Coxes were responsible for $1,000 of the bill under the policy. In its letter to appellant, appellee stated that it was denying coverage because appellant had failed to disclose that Dina had a "medical history prior to the application." Edith Jackson, appellee's Vice President of Claims, testified that the only reason appellee denied coverage of Dina's hospitalization claim is because the Coxes did not provide it with Dr. Nadkarni's medical records pertaining to her visit on March 7, 1989.
John Atkins, the insurance agent, testified that when he first met with appellant, appellant told him that Dina had a congenital heart condition but that she had not received treatment for the condition for a couple of years. Atkins advised appellant that further investigation would be necessary before the policy could be written. During his second meeting with appellant, Atkins told him that he would have to determine whether Dina's condition was significant enough to warrant an immediate denial of coverage. He called Ricketts from appellant's office. He told her that Dina had been born with a heart condition but that she had not received treatment for the condition in the last two years. Ricketts told Atkins that she would need Dina's medical records before she could make a coverage determination.
Atkins testified that he hand delivered appellant's application along with the attached medical records pertaining to Dina's heart condition to appellee's business office. He made a notation on the records which stated:

*246 Kim, this is additional medical history on Dina. Note, last treatment was 1987 per Mr. Cox, her father. Dina has not received medication or been under treatment for this condition the past two years. Thanks, John.
Atkins testified that the attached records covered Dina's condition from 1982 through 1987.
Kim Ricketts, appellee's life and health insurance underwriter, testified that she reviewed and approved appellant's insurance application. She testified that there was nothing on the application at the time which warranted a further review of any medical records. She denied that Dina's medical records pertaining to her tachycardia were attached to the application when she received it. The jury, however, believed the testimony of appellant and Atkins that the records were indeed attached.
Ricketts also testified that appellee encouraged its agents to call the underwriting department if they had any problems or questions. She had no independent recollection of Atkins calling her regarding appellant's application. She explained, however, that if he had called her, she would have told him that the final underwriting determination would be subject to a complete review of the applicant's medical records. Furthermore, she would not have asked him to obtain the records but would have told him that her department would obtain the records. She testified that it is not unusual for records to be attached to an application. She explained that treatment dates are very important because underwriting guidelines determine whether a policy can be rated, excluded or declined.
Ricketts testified finally that knowledge that Dina had been treated for tachycardia in 1989 would have warranted further investigation to determine the exact nature of her condition at the time of treatment, what medication had been prescribed and whether she had been released from treatment. Coverage would have been denied if she had been under a doctor's care for the condition the month before the application was submitted. In light of her history and the nature of her condition, a two-year treatment-free period would have been necessary before appellee would have provided coverage.
Undisputably the medical records delivered to appellee did not include Dina's 1989 visit to Dr. Nadkarni for her tachycardia. Significantly, however, the jury believed that Atkins was apprised of the medical condition and that he in turn apprised Ricketts of this information. The fact that the information contained in the records was imparted to Atkins along with the fact that the records were later delivered to appellee was sufficient to place it on notice of the condition. Where an insurer is on notice that it must itself make further inquires about an insured's health, it is bound by what a reasonable investigation would have shown. See Columbian Nat. Life Ins. Co. v. Lanigan, 154 Fla. 760, 19 So.2d 67 (1944). See also Shelby Life Ins. Co. v. Paolasini, 489 So.2d 89 (Fla. 3d DCA 1986). A reasonable investigation of Dina's medical records in the present case would have led to discovery of Dina's 1989 visit to Dr. Nadkarni. Thus, there was evidence in this case from which the jury could determine that the misrepresentations on appellant's insurance application were not material.
Finally, Ricketts acknowledged at trial that appellee was unaware that the Coxes had previously been denied coverage by another insurance company until after litigation in this case was commenced. Appellee failed to present any evidence at trial, however, that it would have changed its position had it been aware of this fact. Section 627.409, Florida Statutes (1991) requires such a showing before coverage may be denied. Viewing the evidence in a light most favorable to appellant, we conclude that the trial court's entry of a judgment notwithstanding the verdict in appellee's favor must be reversed.
There is one additional matter which merits this court's attention. In its order granting appellee's motion for judgment notwithstanding the verdict, the trial court, in the alternative, granted appellee's motion for new trial. The court held that if the JNOV were not upheld on appeal, appellee was entitled to a new trial because the verdict was against the manifest weight of the evidence *247 and because it appeared that the jury may have compromised the verdict by only providing a partial damages award of $8,000.
We find that the trial court's order granting appellee's alternative motion for new trial is procedurally defective because it fails to comply with Wackenhut Corp. v. Canty, 359 So.2d 430 (Fla. 1978) and its progeny. Florida Rule of Civil Procedure 1.530(f) requires the trial court to state specific grounds in an order granting a new trial. In Gould v. National Bank of Florida, 421 So.2d 798 (Fla. 3d DCA 1982), the court summarized the principles governing appellate review of orders granting a new trial as follows:
A trial court must give express reasons which will support its finding that the verdict is either against the manifest weight of the evidence or was influenced by consideration of matters outside the record. Baptist Memorial Hospital, Inc. v. Bell, 384 So.2d 145 (Fla. 1980). The purpose of the requirement is to facilitate intelligent review of the order granting a new trial where the appellate court is called upon to determine whether a trial judge has abused its discretion. Wackenhut Corporation v. Canty, 359 So.2d 430 (Fla. 1978); White v. Martinez, 359 So.2d 7 (Fla. 3d DCA 1978). Ordinarily the sound, broad discretion accorded trial judges in the granting of a new trial should not be disturbed in the absence of a clear showing that it has been abused, Cloud v. Fallis, 110 So.2d 669 (Fla. 1959), but as is clear from all the cases, that discretion is subject to appellate scrutiny, Florida East Coast Railway Company v. Hanson, 355 So.2d 431 (Fla. 1978); Chicken Unlimited, Inc. v. Bockover, 374 So.2d 96 (Fla. 2d DCA 1979), exercise of which must find support in the record. Russo v. Clark, 147 So.2d 1 (Fla. 1962); White v. Martinez, 359 So.2d at 8.
Applying the foregoing principles, the court in Bern v. Spring, 565 So.2d 809 (Fla. 3d DCA 1990) reversed the trial court's order granting a new trial for the stated reason that the verdict was against the manifest weight of the evidence. The trial court found that the evidence should have persuaded the jury to find in the plaintiff's favor. In reversing the trial court's order, the district court noted that a verdict is against the manifest weight of the evidence where the evidence is "clear, obvious and indisputable." See Perenic v. Castelli, 353 So.2d 1190 (Fla. 4th DCA 1977), cert. den., 359 So.2d 1211 (Fla. 1978). Because the evidence in its case could not be characterized as such, the court held that the trial court improperly usurped the jury's fact-finding powers by impaneling itself as a "seventh juror with veto power." See Wackenhut; McNair v. Davis, 518 So.2d 416 (Fla. 2d DCA 1988). See also Sweet Paper Sales Corp. v. Feldman, 603 So.2d 109 (Fla. 3d DCA 1992) (trial court's order granting new trial based on inconsistency of jury verdict erroneous); Philon v. Reid, 602 So.2d 648 (Fla. 2d DCA 1992) (trial court's order granting new trial because verdict "clearly excessive" unsupported by any factual basis); Lake Worth Boating Center, Inc. v. Bomze, 591 So.2d 235 (Fla. 4th DCA 1991) (reason stated in trial court's order granting new trial not supported by the record); Placido Gardens Condominium Ass'n, Inc. v. Johnson, 563 So.2d 826 (Fla. 2d DCA 1990) (trial court's order granting new trial permeated with statements indicating court's mere disagreement with jury's verdict rather than finding that verdict against manifest weight of evidence and/or that jury was influenced by considerations outside of record); Continental Baking Co., Inc. v. Slack, 556 So.2d 754 (Fla. 2d DCA), rev. den., 567 So.2d 435 (Fla. 1990) (trial court's order granting new trial reversed where court merely disagreed with verdict and order lacked requisite specificity); Tuttle v. Miami Dolphins, Ltd., 551 So.2d 477 (Fla. 3d DCA 1988), rev. den., 563 So.2d 635 (Fla. 1990) (no record support for trial court's conclusion that "jury acted through sympathy, prejudice or some other improper motive").
Based on the foregoing, the trial court's judgment is reversed and the cause remanded for entry of a judgment in appellant's favor.
REVERSED and REMANDED.
THOMPSON, J., concurs.
COBB, J., concurs specially with opinion.
*248 COBB, Judge, concurring specially.
I agree that the trial court erred in entering a judgment notwithstanding the verdict because in doing so it invaded the province of the jury, which was entitled to disbelieve the testimony presented by American Pioneer at trial. It was also error to grant the latter a new trial on the basis of the jury's "compromise" of the verdict. There was no evidence adduced at trial to dispute the reasonableness or the veracity of the medical bills incurred by the plaintiff below (nor was that issue even raised by the pleadings), hence any error in the submission of that issue to the jury, or the jury's unjustified reduction of the claim, cannot be a valid reason to grant a new trial to American Pioneer  and Cox did not ask for one.
Accordingly, I concur with the result reached by the majority.